UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dianna Grace Reuter,<br><br>      Plaintiff,<br><br>      v.<br><br>Golf School District 67,<br><br>      Defendant. | No. 25-cv-8075<br><br>Judge April M. Perry |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dianna Grace Reuter ("Plaintiff") filed this *pro se* complaint against her former school district, Golf School District 67 ("Defendant"). Defendant has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). Because the Court agrees that the complaint fails to plausibly state a claim upon which relief can be granted, Defendant's motion is granted.[1]

## BACKGROUND

The below facts are drawn from the allegations in Plaintiff's complaint, which for the purposes of this motion the Court accepts as true, drawing all reasonable inferences in Plaintiff's favor. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

According to the complaint, on October 3, 1966, Plaintiff was napping in her kindergarten classroom when her teacher "pull[ed] and drag[ged] Plaintiff by both arms a substantial distance through the tiled halls and up a ramp to the principal's office without Plaintiff's consent." Doc. 1 at 1. Plaintiff alleges without further detail that the principal then held her hostage. *Id.* at 2. These acts, according to the complaint, constituted torture, kidnapping, and intentional infliction of emotional distress. *Id.*

---

[1] Defendant's motion to dismiss was filed on September 5, 2025, Doc. 12, and Plaintiff was given until September 29, 2025 to respond, Doc. 14. Plaintiff did not file any response, and on October 28, 2025, the Court *sua sponte* enlarged Plaintiff's response time to November 5, 2025. Doc. 16. On November 6, 2025, Plaintiff moved for a time extension of two months, and the Court instead granted her two weeks. Doc. 18. On November 21, 2025, after having received a communication from Plaintiff on November 19 that could have been interpreted as a request for an extension of time, the Court reaffirmed that Plaintiff's filing deadline remained November 21 but gave Plaintiff permission to email a copy of her responsive pleading to the Courtroom Deputy for filing. Doc. 22. Plaintiff has now failed to timely respond three times, and therefore the Court considers this motion without a responsive pleading.

Twelve years later, on October 3, 1978, Plaintiff claims that her high school principal also committed kidnapping, hostage taking, and intentional infliction of emotional distress when the principal told her "not to be late for high school anymore." *Id.* Plaintiff also complains about not being provided an academic counselor in high school, the school not having hall monitors, and abuse by students. *Id.*

Between these two events, Plaintiff complains that in middle school she was forced to dissect a frog, which she alleges is forbidden by the Hippocratic Oath. *Id.*

Based upon these facts, Plaintiff requests a "permanent injunction against all schools in Our Nation" prohibiting the sending of "any students to the principal's office," and ordering that all students receive equal access to educational counseling, hall monitors, and instructions on how to report offenses against them, as well as other equitable relief. *Id.* at 3–4. Plaintiff also requests ten million dollars in damages. *Id.* at 5.

## LEGAL STANDARD

Under Rule 12(b)(6), a case may be dismissed when a plaintiff "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). This is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible on its face" and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

Plaintiff proceeds *pro se,* and "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cty. Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (acknowledging the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration"). To liberally construe the pleadings is "to give a *pro se* plaintiff a break when, although [s]he stumbles on a technicality, [her] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).

## ANALYSIS

Defendant argues in its motion to dismiss that Plaintiff's complaint does not satisfy Federal Rule of Civil Procedure 8(a), in that there is no short and plain statement of the claim demonstrating that Plaintiff is entitled to relief, and to the extent Plaintiff does state any claim it is implausible under Rule 12(b)(6) as well as time barred by the applicable statutes of limitations. For the reasons that follow, the Court agrees.

First, to the extent Plaintiff has attempted to allege a claim for "kidnapping," or "hostage taking," there is no private right to bring a civil action alleging such claims. *See Traeger v. Thomas*, 2022 WL 2440349, at *1 (C.D. Ill. 2022); *Nelson v. Payne*, 2020 WL 5798597, at *4 (E.D. Wis. 2020) ("Only the government can bring a criminal charge for kidnapping; a citizen has no private right to bring a civil action for kidnapping."). Therefore, Plaintiff cannot proceed on these causes of action.

Second, to the extent Plaintiff has tried to allege a claim for intentional infliction of emotional distress, she has not plausibly done so with the facts alleged in her complaint. More importantly, the statute of limitations in Illinois for an intentional infliction of emotional distress claim brought against local governmental entities or their agents is one year. *See* 745 ILCS 10/8-101. "Although statute of limitations is an affirmative defense, a court may dismiss a claim as time-barred if the complaint sets forth the necessary information to show that the statute of limitations has expired." *Davenport v. Dovgin*, 545 Fed. Appx. 535, 538 (7th Cir. 2013). All of the events of which Plaintiff complains occurred more than forty years ago and therefore are well outside of the statute of limitations.

Finally, to the extent Plaintiff attempts to allege an improper seizure and hold the school district responsible, Plaintiff would need to bring a claim under 42 U.S.C. § 1983. But such a claim would also be untimely, as the statute of limitations in Illinois for personal injury claims brought under § 1983 is two years. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Additionally, Plaintiff states no basis to hold Defendant responsible for the alleged bad acts of its employees. *Lewis v. Cook County Corrections Officers*, 2002 WL 31133175, at *1 (7th Cir. 2002) ("[R]*espondeat superior* is not available under § 1983[.]"). There is therefore no viable claim against Defendant under § 1983.[2]

As all of Plaintiff's claims are either unavailable as private rights of action, or decades outside of the statute of limitations, this case is dismissed. Moreover, because these problems cannot be fixed by additional pleading, the dismissal is with prejudice. Although generally courts should allow ample opportunity for amending the complaint, "leave to amend need not be granted … if it is clear that any amendment would be futile." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *see also Georgakis v. Ill. State. Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013) ("[A] suit that [is] frivolous . . . can justifiably be dismissed with prejudice to avoid burdening the court system with a future suit that should not be brought—anywhere."). Here, any attempted amendment would be futile. Moreover, the Court takes judicial notice of the fact that prior to filing this case, Plaintiff filed a complaint with these same allegations against Defendant in the District of Colorado, which case was dismissed as frivolous. *See Reuter v. Golf School District 67*, 25-cv-00364-LTB-RTB, Doc. 5 (Feb. 10, 2025 D. Colo.) (recommending that case be dismissed as "nonsensical, delusional, and indisputably meritless").[3] Plaintiff has therefore already had the opportunity to amend the complaint to attempt to cure the deficiencies and has not been able to do so.

---

[2] The Court also takes judicial notice of the fact that Golf School District 67 does not have any high schools. Niles North High School, which Plaintiff alleges she attended, is part of Niles Township District 219, and thus a different entity of local government than Plaintiff has sued.

[3] Plaintiff is no longer allowed to file *pro se* in the United States District Court for the District of Colorado. *See Reuter v. City of Boston*, 25-cv-405-LTB, Doc. 6 (May 6, 2025 D. Colo.).

## CONCLUSION

The complaint in this matter is dismissed, with prejudice.

Dated: November 24, 2025

_____
APRIL M. PERRY
United States District Judge